UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Weiters, Jr., #18672-171, | ) C/A No. 4:17-2096-HMH-TER |
| Petitioner, | ) |
| vs. | ) |
| Warden Travis Bragg, | ) Report and Recommendation |
| Respondent. | ) |

Petitioner is a federal prisoner in custody in South Carolina at FCI Bennettsville. Petitioner was sentenced by this court. He is seeking habeas relief under § 2241 and proceeding in this action *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal.

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. Following the required initial review, it is recommended that the Petition submitted in this case should be dismissed.

## DISCUSSION

On March 1, 2011, Petitioner was sentenced to life for count 3, possessing with intent to distribute cocaine and 50gm or more of cocaine base, 360 months for count 2, possessing a firearm as a convicted felon, and 60 months for count 4, using and possessing a firearm in furtherance of a drug trafficking crime. (ECF No.97, No.2:09-cr-00987-PMD (D.S.C)). By unpublished opinion on January 24, 2012, the Fourth Circuit affirmed in part, vacated in part, and remanded Petitioner's criminal case. *U.S. v. Weiters*, 462 Fed. Appx. 365 (4th Cir. 2012)(per curiam).

Petitioner was resentenced in light of the Fair Sentencing Act of 2010. On March 27, 2012, he was resentenced to "a total term of four hundred twenty (420) months, consisting of 360 months as to Count Three; 360 months as to Count Two, said terms to run concurrently; plus 60 months as to Count Four, to run consecutively to any other term of imprisonment." (ECF No. 131, No.2:09-cr-00987-PMD (D.S.C)). On April 3, 2012, he appealed to the Fourth Circuit. (ECF No. 134, No.2:09-cr-00987-PMD (D.S.C)). On September 27, 2012, by unpublished decision, the Fourth Circuit affirmed. *United States v. Weiters,* 481 Fed. Appx. 78 (4th Cir. 2012) (per curiam).

On October 29, 2013, Petitioner filed a § 2255 Motion in the sentencing court. (ECF No. 147, No.2:09-cr-00987-PMD (D.S.C)). On April 1, 2014, this court denied the § 2255 Motion. (ECF No. 161, No.2:09-cr-00987-PMD (D.S.C)). Petitioner argued in his Motion that his counsel

was ineffective and that his sentence should be vacated in light of *Alleyne* arguing prior convictions are elements of a crime that must be submitted to a jury. This court found that the Fourth Circuit had rejected similar arguments, and thus, Petitioner's claims were without merit. (ECF No. 161, No.2:09-cr-00987-PMD (D.S.C)). On May 13, 2014, Petitioner appealed the denial of his § 2255 Motion. (ECF No. 164, No.2:09-cr-00987-PMD (D.S.C)). On October 22, 2014, by unpublished opinion, the Fourth Circuit dismissed the appeal. *U.S. v. Weiters*, 585 Fed. Appx. 35 (4th Cir. 2014)(per curiam).

On January 22, 2015, Petitioner filed a Motion to reduce sentence in the sentencing court. (ECF No. 170, No.2:09-cr-00987-PMD (D.S.C)). On November 17, 2015, this court denied the motion, stating the amendment to the sentencing guidelines did not cause Petitioner to be eligible for a reduction because "his sentence as a career offender dictates his sentence, not the amount of drugs involved in the offense." (ECF No. 172, No.2:09-cr-00987-PMD (D.S.C)). The Fourth Circuit denied a motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second § 2255.

Petitioner argues in the instant Petition that he is factually innocent of the career offender enhancement pursuant to *Mathis*. He requests to be resentenced. Petitioner specifically argues that his prior state convictions under S.C. Code Ann. §§ 44-53-370 and 44-53-375 no longer qualify as a predicate offense for the purposes of the federal career offender enhancement pursuant to § 4B1.2 or 851 enhancements. (ECF No. 1). Petitioner does not argue that he is factually innocent of the prior convictions themselves. Petitioner argues that *Mathis* applies to his case retroactively.

The instant Petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas

3

relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner was unsuccessful in seeking relief under § 2255 in his first petition in his sentencing court. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34.

4

This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." *Id.* at 333 n.3. Petitioner does not meet these criteria. The instant Petition fails to demonstrate that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change since his criminal conviction was finalized or since the filing of his § 2255 motion.

The United States Court of Appeals for the Fourth Circuit has not extended the reach of the savings clause to petitions which challenge only a sentence. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, 541 Fed. Appx. 327 (4th Cir. 2013)(unpublished) (challenge to sentencing factor not cognizable under § 2241). Accordingly, Petitioner fails to state a cognizable § 2241 claim. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) ("actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); *see also Darden v. Stephens*, 426 Fed. Appx. 173, 174 (4th Cir. 2011)(unpublished)(declining extension of savings clause to reach petitioner's claim that he was actually innocent of being a career offender).[1]

*Jones* did not expressly consider whether the savings clause could apply to sentencing

---

[1] Although Petitioner cites *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015) as being favorable to his position, that citation is ineffective because the Fourth Circuit's opinion in *Surratt* was vacated by the court's grant of rehearing en banc, *see* Local R. App. P. 35(c) (4th Cir.) ("Granting of rehearing or rehearing en banc vacates the previous panel judgment and opinion"), and was not reinstated when the court found the petitioner's claims were moot on rehearing and dismissed the appeal. *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017)(*petition for cert. in the U.S. Supreme Court* filed July 21, 2017). Accordingly, the *Surratt* panel opinion in 2015 is no longer binding legal precedent in this Circuit.

challenges. A previous unpublished decision from the Fourth Circuit suggests that the savings clause does not extend to sentencing challenges. *Farrow*, 541 Fed. Appx. 327 (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition).[2]

An erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255. *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). District courts within this circuit have widely adopted a rule that sentencing challenges are not cognizable under § 2241.

Petitioner argues that *Mathis* is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable when he filed his § 2255 Motion, thus making relief under the § 2255 savings clause available. Petitioner essentially argues that he is entitled to have his sentence recalculated without the ACCA enhancement, because, after *Mathis*, his predicate offenses no longer qualify.

*Mathis* is not a new rule of law applicable retroactively on collateral review. *See, e.g., Stewart v. United States,* No. ELH-17-1408, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (§ 2255 case collecting cases holding that neither *Descamps* nor *Mathis* is retroactive*); Dawkins v. United States*, 829 F. 3d 549, 551 (7th Cir. 2016) (holding *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court); *United States v. Taylor*, 672 Fed. Appx.

---

[2] The circuits are split on whether the savings clause is applicable to challenges to allegedly unlawful sentences, or only to allegedly unlawful convictions. *Compare Hill v. Masters*, 836 F.3d 591, 596 (6th Cir. 2016) (concluding savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) *and Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013) (same) *with McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092 (11th Cir. 2017), *petition for cert. filed* July 17, 2017 USSC No. 17-85 (finding savings clause applicable only to "claims that are not cognizable or that cannot be remedied under section 2255") *and In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (finding the savings clause applicable only to claims of actual innocence).

860, 2016 WL 7093905, at *4 (10th Cir. 2016)(*Mathis* did not announce a new rule of law); *Adams v. United States*, 2017 WL 1040346 at *3 (D. Maine 2017) (*Mathis* does not apply retroactively as it did not announce a new substantive rule applicable to cases on collateral review); *Blackwell v. United States*, 2016 WL 5849384, at *4-5 (W.D. Va. 2016) (*Mathis* did not announce a newly recognized constitutional right)). *Mathis* is irrelevant to determine whether or not Petitioner may assert his claim under § 2241. His reliance on *Mathis* does not aid him in fulfilling the *Jones* requirements, which is a necessary prerequisite to demonstrate whether relief under § 2241, through § 2255(e)'s savings clause, is appropriate. Moreover, Petitioner fails to state a valid claim for actual innocence because he presents no new evidence not presented at his sentencing hearing or trial that would support such a claim. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to show actual innocence, one must present new reliable evidence not presented at trial).

Petitioner cannot show that the conduct for which he was convicted has been deemed not criminal. Accordingly, the Petitioner is procedurally barred from pursuing this § 2241 petition.

## RECOMMENDATION

Accordingly, it is recommended that the Petition be dismissed *with prejudice and without requiring the respondent to file a return*.

**IT IS SO ORDERED**.

| | |
|---|---|
| | s/ Thomas E. Rogers, III |
| August 17, 2017 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Petitioner's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).